IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Patrice D. Holmes and Edward L. Holmes, | ) ) ) | C/A No.: 4:10-2221-TLW-SVH |
| Plaintiffs, | ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| Marion School District One, Marion School District One Board of Trustees, Michael D. Lupo, William A. Jones, Lynn McElveen, Renee Baxley, Paul Demarco, James Smith, and Diane Houston, all in their individual and official capacities, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the court on the partial motion to dismiss [Entry #22] filed pursuant to Fed. R. Civ. P. 12(b)(6) by defendants Marion School District One ("the District"), Marion School District One Board of Trustees ("the Board"), District Superintendent Michael D. Lupo; former Board Members William A. Jones and Paul Demarco; current Board Members Lynn McElveen, Renee Baxley, and James Smith; and District Personnel Director Diane Houston, all in their individual and official capacities (collectively "Defendants"). Defendants seek dismissal of all but two causes of action contained in the First Amended Complaint ("Complaint") of plaintiffs Patrice Holmes ("Mrs. Holmes") and her husband Edward Holmes ("Mr. Holmes") (collectively

"Plaintiffs"). Plaintiffs filed a response [Entry # 24], and Defendants filed a reply [Entry #25]. This matter having been fully briefed, it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). Because the motion for summary judgment is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant the partial motion to dismiss.

I.      Factual and Procedural Background

Mrs. Holmes is the former principal at Johnakin Middle School ("JMS") in Marion, South Carolina. In her Complaint, she alleges she was wrongfully demoted on April 2, 2007, and seeks damages under the following causes of action:

First:       Claim of interference with right to make and enforce contracts pursuant to 42 U.S.C. § 1981 ("§ 1981 claim");

Second:   Equal protection and due process claim under the Fifth and Fourteenth Amendments, the S.C. Constitution and S.C. Code Ann. §§ 59-25-410, 430 and 440 ("equal protection and due process claim");

Third:      Claim pursuant to 42 U.S.C. § 1983 for violation of her constitutional and statutory rights ("§ 1983 claim");

Fourth:    Claim pursuant to 42 U.S.C. § 1981(a) for race, age, and sex discrimination ("§ 1981(a) claim");

Fifth:       Civil conspiracy pursuant to 42 U.S.C. § 1985 ("§ 1985 claim");

Sixth:      Claim of negligence pursuant 42 U.S.C. § 1986 in preventing a conspiracy ("§ 1986 claim");

Seventh:    Claims of race and/or gender discrimination in violation of 42 U.S.C. § 2000e-2(a)(1) and (2) ("Title VII claim"); and

Eighth:    Claim for age discrimination in violation of 29 U.S.C. § 623(a)(1) and (2) of the Age Discrimination in Employment Act ("ADEA claim").

Further, Mr. Holmes asserts a claim for loss of consortium.

Defendants seek dismissal of all Plaintiffs' causes of action, save Mrs. Holmes' Title VII and ADEA claims, on the grounds that they are barred by the applicable statute of limitations, and in the alternative, because they fail to state a cause of action.

II.    Discussion

   A.    Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion." *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). The Fourth Circuit has held that "[t]he raising of the statute of limitations as a bar to plaintiffs' cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6), if the time bar is apparent

3

on the face of the complaint." *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).

B.  Analysis

1.  § 1981 Claim is Time-Barred

In her First Cause of Action, Mrs. Holmes alleges that Defendants violated her right to make and enforce contracts pursuant to 42 U.S.C. § 1981. That statute provides that "all persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981. In 1991, Congress amended the statute to expand the definition of "make and enforce contracts" to include the making, performance, modification, and termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship, and to expand the scope of actionable conduct under the statute to include post-contract formation. *See Hunter v. Am. Gen. Life & Acc. Ins. Co.*, 384 F. Supp. 2d 888 (D.S.C. 2005).

Section 1981 does not contain a statute of limitations. If a suit arises under the 1991 amendment, a four-year statute of limitations applies as governed by 28 U.S.C. § 1658. If the suit arises under the statute as originally enacted, it is governed by the most analogous state law statute of limitations, which is S.C. Code Ann. § 15-3-530. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004).

a.  § 1981 Claim Governed by Three-Year Statute of Limitations

Mrs. Holmes alleges that "all of the discriminatory acts and practices, alleged and complained of herein, took place after the formation of a contractual relationship between

4

Principal Holmes and Defendant District; and they occurred during the 2006–2007 school year." (First Amended Complaint ¶ 15.) While the conduct about which Mrs. Holmes complains occurred during the latter part of the 2006–2007 school year, the complained-of conduct related to a contract for the upcoming 2007–2008 school year that had not yet been formed between the parties.

Mrs. Holmes contends that she was guaranteed certain rights pursuant to S.C. Code Ann. § 59-1-130 under her then-existing contract with the district as an employed "teacher," citing for support *Johnson v. Spartanburg County School District Number 7*, 444 S.E.2d 501 (S.C. 1994).  However, under S.C. Code Ann. § 59-24-15, enacted as part of the South Carolina Educational Accountability Act of 1998, an administrator retains no rights to "the position or salary of administrator" and "any such administrator who presently is under a contract granting such rights shall retain that status until the expiration of that contract." This act statutorily overruled *Johnson*, as the Supreme Court itself has noted, to wit: "the legislature enacted section 59-24-15 after the *Johnson* decision, and the plain language of the statute directly contradicts the holding in *Johnson*. The statute plainly states that an administrator has no rights in her 'position or salary,' and the legislature made no exception or distinction concerning the administrator's status as a certified educator." *Henry-Davenport v. School Dist. of Fairfield County*, C/A No. 0:08-3258-MJP, 2011 WL 2174537 (D.S.C. June 3, 2011) (quoting South Carolina Supreme Court Opinion No. 26912, p. 4, dated January 18, 2011).

5

Therefore, S.C. Code Ann. § 59-24-15 provides no support for Mrs. Holmes' argument that she is entitled to retain the position or salary she had as principal of JMS. Each of Mrs. Holmes' contracts as principal expired at the end of the corresponding school year, and her § 1981 claim relates to pre-contract formation, as Mrs. Holmes and the district had yet to form a contract for the 2007–2008 school year. Therefore, the statute of limitations applicable to Mrs. Holmes' § 1981 claim is the most analogous state law statute of limitations, which is three years pursuant to S.C. Code Ann. § 15-3-530. *See Woodward v. United Parcel Serv., Inc.*, 306 F. Supp. 2d 567, 571 (D.S.C. 2004).

        b.      Statute of Limitations began on April 2, 2007, or at the latest May 19, 2007

In determining when the statute of limitations begins to accrue on a § 1981 claim, the "proper focus is on the time of the discriminatory act, not the point at which the consequences of the act became painful." *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981).

Here, because the alleged discriminatory conduct is Mrs. Holmes' demotion to Assistant Principal, it appears the statute of limitations began to run no later than April 4, 2007, with Defendants' written confirmation of the demotion. First Amended Complaint ¶¶ 20, 24. The latest that the statute of limitations arguably began to run is May 19, 2007, when Mrs. Holmes admits having received the Board's denial of her reinstatement request. Because Mrs. Holmes did not file her claim until August 25, 2010, it is barred by the three-year statute of limitations.

Therefore, the undersigned recommends the court dismiss Mrs. Holmes' 42 U.S.C. § 1981 claim as time-barred.

### c.     Equitable Tolling Not Applicable

Mrs. Holmes argues that the court should equitably toll the three-year statute of limitations. The Fourth Circuit has cautioned that "[e]quitable tolling must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Gayle v. UPS*, 401 F.3d 222, 226 (4th Cir. 2005). One seeking to avail herself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond her control or external to her own conduct, (3) prevented her from filing on time. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)(en banc), *cert. denied*, 541 U.S. 905 (2004). Additionally, she must show that she employed reasonable diligence in investigating and bringing her claims. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way).

Mrs. Holmes proffers the following reasons for equitable tolling: 1) Defendants' alleged concealment of some acts of discrimination; 2) her pro se status in filing with the Equal Employment Opportunity Commission ("EEOC"); 3) her compliance with all the deadlines and requirements imposed by the EEOC; 4) the failure of the EEOC to advise her prior to its June 22, 2010 right-to-sue letter that she may have other claims with

different time limits; 5) Plaintiffs have not unreasonably delayed their pursuit of remedies; and that 6) Defendants would not be prejudiced by the 42 U.S.C. § 1981 claim.

Plaintiffs have not shown that the statute of limitations should be equitably tolled. Mrs. Holmes asserts that Defendants allegedly concealed certain acts of discrimination, but admits to having been aware of the allegedly concealed acts of discrimination as early as April 2, 2007, over three years prior to her filing suit. The court finds any such alleged concealment by Defendants does not account for the more than three years' delay in Plaintiffs' filing suit. *See Irwin*, 498 U.S. at 96 (principles of equitable tolling do not extend to garden variety claims of excusable neglect). Further, neither Mrs. Holmes' pro se participation in and compliance with the EEOC process, nor the EEOC's failure to notify her of rights or filing deadlines tolls the statute, as compliance with and ignorance of the law does not warrant the extreme and limited remedy of equitable tolling. *U.S. v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Or, as "stated differently, [Plaintiffs'] misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to [their] control." *Id.*

Finally, Mrs. Holmes' filing her complaint with the EEOC does not toll the statute for a § 1981 action. The Fourth Circuit and its lower courts have rejected arguments that the statutes of limitations for state law tort claims should be equitably tolled where the claims arose from the same facts as a discrimination claim that was being administratively exhausted. *See, e.g., McNeal v. Montgomery County*, 307 Fed. App'x 766, 772 (4th Cir. 2009); *Knickman v. Prince George's County*, 187 F.Supp.2d 559, 564

8

(D.Md. 2002); *see also Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462–66 (1971) (statute of limitations for § 1981 claim not tolled while plaintiff was pursuing Title VII administrative claim even though the actions were based on the same facts). Indeed, the pursuit of an administrative complaint, even though a necessary prerequisite to the filing of a Title VII action, does not affect the limitations period for the filing other claims, even when based on the same facts. Consequently, Mrs. Holmes has presented no circumstance or allegation that would fall under the "extraordinary circumstances" requirement established in *Rouse* to warrant equitable tolling of the statute of limitations.

In sum, Mrs. Holmes' First Cause of Action for an alleged violation of 42 U.S.C. § 1981 relates to pre-contract formation conduct, to which a three-year statute of limitations applies. Because she failed to file her original complaint within the three-year statute of limitations and she has not demonstrated any basis for equitable tolling, it is recommended that Mrs. Holmes' First Cause of Action be dismissed as time-barred.

### 2. Equal Protection and Due Process Claims Fail

In her Second Cause of Action, Mrs. Holmes alleges that Defendants violated her constitutional rights to equal protection and due process guaranteed by the Fifth and Fourteenth Amendments, the South Carolina Constitution, and S.C. Code Ann. §§ 59-25-410, 430 and 440. The Fifth Amendment due process clause allows the Fourteenth Amendment's guarantee of equal protection to be applied to federal entities. *See Kim v. Brownlee*, 344 F. Supp. 2d 758 (D.D.C. 2004). Because Mrs. Holmes makes no claim

against a federal entity, only her Fourteenth Amendment claim is potentially applicable, and is discussed in Section II.B.3. below.

Mrs. Holmes' claims for violations of the Act fail to state claims upon which relief can be granted. Defendants are required to notify Mrs. Holmes of her employment status by April 15 of each year. S.C. Code Ann. § 59-25-410. However, there is no requirement that Defendants notify Mrs. Holmes of her salary for the upcoming school year. Because it is undisputed that Defendants notified Mrs. Holmes of her employment status on April 4, 2007, Defendants conformed to the requirements of S.C. Code. Ann. § 59-25-410.

Further, S.C. Code Ann §§ 59-25-430 and 440 do not apply to Mrs. Holmes' situation. These provisions apply when an educator is dismissed prior to the expiration of a contract period or where an educator's contract is not renewed for a subsequent school year. Because Mrs. Holmes was informed that she would be placed in an alternate administrative position for the 2007–2008 school year and not that she was being terminated, she cannot state a claim that Defendants violated her rights under §§ 59-25-430 and 440. Mrs. Holmes' displeasure with the assigned administrative position for the 2007–2008 school year does not rise to a constitutional or statutory violation. The Fourth Circuit is "of the opinion that policy decisions concerning where an employee will best serve the school district are better left to school officials, not the courts." *Snipes v. McAndrew*, 313 S.E.2d 294, 296 (S.C. 1984).

3. § 1983 Claim and Constitutional Claims Time-Barred and Fail to State a Claim

a. Three-year Statute of Limitations Govern

For § 1983 claims, federal courts adopt the applicable state law statute of limitations for personal injury, which is three years pursuant to S.C. Code Ann. § 15-3-530. *Hamilton v. Middleton*, C/A no. 8:08-600-HFF, 2003 WL 23851098, at *4 (D.S.C. June 20, 2003). Therefore, Mrs. Holmes' due process and equal protection violation claims are governed by the applicable three-year statute of limitations.

Mrs. Holmes' Second and Third Causes of Action asserting a § 1983 claim for and constitutional violations of her rights to due process and equal protection are barred by the statute of limitations because they arose more than three years prior to her filing suit.

In her Complaint, Mrs. Holmes alleges that on April 2, 2007, District Superintendent Lupo verbally informed her of her impending demotion, and that on April 26, 2007, she received written confirmation of her demotion. First Am. Compl. ¶ 29. After submitting an appeal heard on May 14, 2007 by the Board, Mrs. Holmes acknowledges having received on May 19, 2007 the Board's letter dated May 16, 2007 denying her request to be reinstated as Principal at JMS. *Id.* at ¶ 30, 32. From the face of the First Amended Complaint, Mrs. Holmes acquired knowledge of existing facts sufficient to put her on notice by April 2, 2007, or at the latest May 19, 2007, that she may have had a claim for violation of her constitutional rights to due process and equal protection. Because she failed to file her original complaint within the three-year statute

of limitations and she has not demonstrated any basis for equitable tolling, it is recommended that Mrs. Holmes' Second and Third Causes of Action be dismissed as time-barred.

### b. Constitutional Claims Fail

Even if Mrs. Holmes' claims were not time-barred, her Second and Third Causes of Action fail to state a claim upon which relief can be granted because, as discussed above, South Carolina school administrators do not have a constitutionally-protected right to the position or salary of administrator. S.C. Code Ann. § 59-24-15; *see Henry-Davenport, supra* (a certified educator who is employed as an administrator retains no rights as to the position or salary of administrator). To establish a Fourteenth Amendment violation under § 1983, Mrs. Holmes must first demonstrate that state action deprived her of a constitutionally-protected property or liberty interest. *See Board of Regents v. Roth*, 408 U.S. 564, 569–70, 579 (1972). Unless there is a deprivation by state action, the question of whether due process is required or adequate "is irrelevant, for the constitutional right to due process is simply not implicated." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1988).

Because under S.C. Code Ann. § 59-24-15, Mrs. Holmes had no right to any particular administrative position, including placement at a particular school, or salary of an administrator for the 2007–2008 school year, Defendants could not have violated her rights to due process and equal protection in having transferred her to another administrative position at a different salary.

For the foregoing reasons, it is recommended that Mrs. Holmes' Second and Third Causes of Action be dismissed as time-barred and for failing to state a claim upon which relief can be granted.

### 4.     § 1981(a) Claim Fails

Mrs Holmes' Fourth Cause of Action alleges that Defendants "held a personal racist, sexist and/or age bias against" her and "acted upon that bias in order to knowingly, intentionally and malevolently cause her to lose her contract as Principal of JMS and/or to cause her financial or other harm." First Am. Compl. ¶ 71. Section 1981 only applies to racial discrimination, therefore, Mrs. Holmes' claims of sexist bias and age bias brought pursuant to 42. U.S.C. § 1981 fail to state claims upon which relief can be granted. *See Runyon v. McCrary*, 427 U.S. 160, 168 (1976) (§ 1981 prohibits racial discrimination in the making and enforcement of private contracts); *Crites v. Kaiser Aluminum and Chemical Corp.*, No. 91-1231, 1992 WL 64873 *1 (4th Cir. April 3, 1992) (§ 1981 does not protect against discrimination based on sex). As for the allegations of racial discrimination contained in the Fourth Cause of Action, they are duplicative of her First Cause of Action and should be dismissed for the reasons outlined in Section II.B.1. above.

### 5.     § 1985 Claim Fails

#### a.     § 1985 Claim is Time-Barred

Mrs. Holmes' Fifth Cause alleges that two or more unspecified defendants engaged in an unlawful conspiracy to interfere with her civil rights in violation of 42 U.S.C. §

1985. Because this claim is also governed by a three-year statute of limitations, it is also time-barred.

Section 1985 does not specify a statute of limitations; instead courts are to apply the applicable limitations period from state law. *Harris v. Sumter County Sheriff's Dept.*, C/A 9:01-120-17RB, 2001 WL 34685102, at *3 (D.S.C. Feb.21, 2001). In South Carolina, the appropriate statute of limitations for § 1985 claims is the residual three-year period set forth in S.C. Code Ann. § 15-3-530. *Id.*

The Complaint alleges that "Defendants have acted covertly and clandestinely and, upon information and belief, they have taken steps to conceal evidence of their conspiracy; and such evidence, if it still exists, can only be made known to the Plaintiffs through the process of formal discovery." First Am. Compl. ¶ 79. Throughout the allegations of her Complaint, Mrs. Holmes admits that any alleged discriminatory acts of Defendants were concealed only until April 2, 2007. Therefore, Mrs. Holmes was put on notice that a cause of action for conspiracy may have existed by April 2, 2007, or at the latest May 19, 2007, the date she received notification from the Board that it had voted to deny her request to be reinstated as Principal of JMS. Throughout her Complaint, Mrs. Holmes makes claims of perceived "improprieties" that she presented to the Board on May 14, 2007. First Am. Compl. ¶¶ 22–24, 27–29, 31. The Board's decision to deny Mrs. Holmes' appeal after hearing her evidence of alleged unlawful practices, coupled with Mrs. Holmes' "knowledge" of the District's alleged "lengthy history of racially discriminatory practices . . . as regards to statutorily defined 'teachers' such as Principal Holmes . . . , " (First Am.

14

Compl. ¶ 34), are facts sufficient to have put Mrs. Holmes on inquiry about a possible conspiracy prior to May 19, 2007. Therefore, Mrs. Holmes' § 1985 claim is barred by the statute of limitations because it arose more than three years prior to the filing of her complaint on August 25, 2010.

### b.    No Prima Facie Case of Conspiracy Exists

Even if it were not time-barred, Mrs. Holmes' § 1985 claim is subject to dismissal because she cannot establish a prima facie case of conspiracy. To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege, among other elements, a conspiracy involving two or more persons. *See United Brotherhood of Carpenters and Joiners of America, Local 610 v. Scott*, 463 U.S. 825 (1983). It is well-established that a "corporation cannot conspire with itself any more than a private individual can, and . . . that the acts of the agent are the acts of the corporation." *Buschi v. Kirven*, 775 F.2d 1240, 1251 (4th Cir. 1985); *see also McClain v. Pactiv Corp.*, 602 S.E.2d 87, 90 (S.C. 2004).

Mrs. Holmes has failed to allege a combination of two or more people conspired against her. Because a school board and its employees constitute a single legal entity, it is incapable of conspiring with itself for the purposes of 42 U.S.C. § 1985(3). All individual defendants were employees or officials of the Board, and, as members of the same collective entity, the conspiracy could not have involved two or more people. Plaintiffs correctly argues that corporate officers and other employees can conspire with each other if they are acting "other than in the normal course of their corporate duties," if their action

exceeds the bounds of their authority, and if the "officer has an independent personal stake in achieving the corporation's illegal objective." *Buschi* at 1252.

For the foregoing reasons, it is recommended that Mrs. Holmes' Fifth Cause of Action for the alleged violation of 42 U.S.C. § 1985 be dismissed because it is time-barred and otherwise fails to state a claim upon which relief can be granted.

### 6. § 1986 Claim is Time-Barred

Mrs. Holmes' Sixth Cause alleges that Defendants were negligent in preventing the wrongful act of conspiracy against her in violation of 42 U.S.C. § 1986. Pursuant to 42 U.S.C. § 1986, "every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured . . . ." Section 1986 provides a one-year statute of limitations.

The most important requisite of an action under § 1986 is that there be a valid claim under § 1985. *See Kaylor v. Fields*, 661 F.2d 1177 (8th Cir. 1981); *Taylor v. Nichols*, 558 F.2d 561 (10th Cir. 1977). In light of the undersigned's recommendation that Mrs. Holmes' § 1985 claim be dismissed, her derivative § 1986 claim should likewise be dismissed.

Independently, Mrs. Holmes' § 1986 claim would be time-barred by the one-year statute of limitations. As noted above, the Board's decision to deny Mrs. Holmes' appeal after hearing her evidence of alleged unlawful practices, coupled with Mrs. Holmes'

"knowledge" of the District's alleged "lengthy history of racially discriminatory practices . . . as regards to statutorily defined 'teachers' such as Principal Holmes," (First Amended Complaint ¶ 34) are facts sufficient to put Mrs. Holmes on inquiry about a possible § 1986 claim no later than May 19, 2007. Mrs. Holmes' failure to file this action until August 25, 2010 renders her § 1986 claim time-barred and not subject to equitable tolling for the reasons stated in Section II.B.1.c. above.

### 7. Ms. Houston is Entitled to Qualified Immunity

Individual defendants sued in their individual capacities under § 1981, § 1983 and § 1985 may invoke, in appropriate circumstances, the defense of qualified or "good faith" immunity. *McNutt v. Duke Precision Dental & Orthodontic Laboratories, Inc.*, 698 F.2d 676 (4th Cir. 1983). Qualified immunity means immunity from suit, not just from liability, and is designed to protect government officials from broad-ranging discovery and protracted litigation, which are particularly disruptive of government service. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

If a government official is sued in her individual capacity under § 1983 and she can demonstrate that her conduct did not violate clearly-established law about which a reasonable official would have known, she is protected by qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Courts interpreting the qualified immunity doctrine generally grant government officials the benefit of the doubt; immunity applies "to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Plaintiffs' Complaint alleges that Personnel Director Houston was a "co-conspirator whose purpose was to deprive [her] of her civil rights." First Am. Compl. ¶¶ 27–28. However, the Complaint is void of any allegation that Ms. Houston made the decision to place Mrs. Holmes in another administrative position or that she provided any input to the Board regarding its denial of Mrs. Holmes' appeal. The only allegations concerning Ms. Houston is that she sat in on Mrs. Holmes' grievance meeting with District Superintendent Lupo. Plaintiff argues that the Complaint must be viewed in its entirety and additional facts may be developed during discovery. However, Mrs. Holmes cannot demonstrate that a reasonable person in the position of Ms. Houston would have known that sitting in on an employee's grievance meeting as the District's Personnel Director would violate the employee's constitutional rights. Therefore, Ms. Houston is entitled to qualified immunity and it is recommended that Mrs. Holmes' claims against her be dismissed.

### 8. Mr. Holmes' Loss of Consortium is Time-Barred

Throughout the Complaint, Mr. Holmes alleges claims for loss of consortium based upon Defendants' alleged violations of Mrs. Holmes' rights under 42 U.S.C. §§ 1981, 1983, 1985 and 1986. To date, South Carolina courts have not extended liability to an employee's spouse for claims alleging violations of the federal discrimination laws. Assuming arguendo that such a claim were recognized, Mr. Holmes' claim for loss of consortium is nevertheless barred by the applicable three-year statute of limitations. *See* S.C. Code Ann. § 15-3-530(5) (2009) (limiting to three years "action[s] for assault, battery, or any injury to the person or rights of another, not arising on contract and not

enumerated by law, and those provided for in Section 15-3-545 [medical malpractice]"). The limitations period begins to run when "the person knew or by the exercise of reasonable diligence should have known that he had a cause of action." S.C. Code Ann. § 15-3-535.

In South Carolina, a cause of action for loss of consortium accrues upon the occurrence of the "loss of the services, society and companionship of the spouse," which is defined as "the point when the spouse sustained the injuries." *Stewart v. State Farms Mut. Auto. Ins. Co.*, 533 S.E.2d 597, 604 (S.C. App. 2000) (citing *Preer v. Mims*, 476 S.E.2d 472 (S.C. 1996)). At the latest, Mrs. Holmes sustained her injuries on May 19, 2007, upon her notification of transfer to the position of assistant principal, so the statute of limitations for Mr. Holmes' loss of consortium action began to run on that date, or very shortly thereafter. Because Mr. Holmes failed to file his complaint until August 25, 2010, his claim, if any, is time-barred and should be dismissed.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district court grant the partial motion to dismiss.[1]

---

[1] The deadlines in the scheduling order are suspended pending the court's disposition of the partial motion to dismiss. Upon the District Judge's ruling on this Report and Recommendation, the undersigned will issue an amended scheduling order to govern the remainder of this case.

IT IS SO RECOMMENDED.

July 6, 2011                                                          Shiva V. Hodges
Florence, South Carolina                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**