IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Patrice D. Holmes and Edward L. Holmes, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action No.: 4:10-cv-2221-TLW-SVH |
| Marion School District One, Marion School District One Board of Trustees, Michael D. Lupo, William A. Jones, Lynn McElveen, Renee Baxley, Paul Demarco, James Smith, and Diane Houston, all in their individual and official capacities, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

The plaintiffs, Patrice D. Holmes and Edward L. Holmes ("plaintiffs"), brought this civil action on August 25, 2010. (Doc. #1). On October 22, 2010, the plaintiffs filed an amended complaint. (Doc. # 15). On November 5, 2010, the defendants moved to partially dismiss the plaintiffs' first amended complaint. (Doc. # 22). On November 22, 2010, the plaintiffs filed a response (Doc. # 24), to which the defendants submitted a reply on December 2, 2010 (Doc. # 25).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges to whom this case had previously been assigned. (Doc. # 34). In the Report, the Magistrate Judge recommends that the District Court grant the defendants' partial motion to dismiss. (Doc. # 34). The plaintiffs filed objections to the

1

Report.  (Doc. # 35).  The defendants filed a reply to the plaintiffs' objections.  (Doc. # 37).  In

conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party
> may file written objections . . . .  The Court is not bound by the recommendation of
> the magistrate judge but, instead, retains responsibility for the final determination.
> The Court is required to make a de novo determination of those portions of the report
> or specified findings or recommendation as to which an objection is made.  However,
> the Court is not required to review, under a de novo or any other standard, the factual
> or legal conclusions of the magistrate judge as to those portions of the Report and
> Recommendation to which no objections are addressed.  While the level of scrutiny
> entailed by the Court's review of the Report thus depends on whether or not
> objections have been filed, in either case, the Court is free, after review, to accept,
> reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and

the objections.  The Court **ACCEPTS** the Magistrate Judge's Report in part.  (Doc. # 34).  The

Court accepts the recommendation that certain claims be dismissed based on the statute of

limitations.   With the exception of the loss of consortium claim, the Court accepts the

recommendation that the statute of limitations applicable to the causes of action for which dismissal

is recommended began to run, at the latest, on the date Ms. Holmes received notice the school board

denied her request for reinstatement (May 19, 2007).  In reaching this conclusion, the Court has

considered the cases cited by the parties in their briefs and has also found the following cases

instructive: Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc)

("[F]or purposes of a [42 U.S.C.] § 1983 claim, a cause of action accrues either when the plaintiff

has knowledge of his claim or when he is put on notice—e.g., by the knowledge of the fact of injury

and who caused it—to make reasonable inquiry and that inquiry would reveal the existence of a

2

colorable claim."); Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996) ("'Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action.'" (quoting Nasim, 64 F.3d at 955)); Bireline v. Seagondollar, 567 F.2d 260, 263 (4th Cir. 1977) (affirming district court's finding that § 1983 claim by former university teacher alleging her termination was a result of a policy of sex discrimination accrued on date she received termination notice). Additionally, the Court has carefully considered the plaintiffs' argument that the doctrine of equitable tolling applies to this case and their citation to Hooper v. Ebenezer Senior Services and Rehabilitation Center., 687 S.E.2d 29 (S.C. 2009), in support. However, the Court finds that equitable tolling does not apply here and that Hooper is inapposite to the facts here because Hooper involved the question of whether equitable tolling should apply in limited circumstances such as when a defendant fails to properly list its registered agent for service with the South Carolina Secretary of State, as required by state law. Hooper, 687 S.E.2d at 32-34. The South Carolina Supreme Court noted equitable tolling "should be used sparingly." Id. at 33.

The Court declines to accept the recommendation in the Report that defendant Diane Houston be dismissed from this action. (Doc. # 34). This Court will allow discovery to proceed in connection with this defendant based on allegations set forth in the complaint. Further, the Court declines to accept the recommendation that the loss of consortium claim be dismissed. (Doc. # 34). As for the question of whether a loss of consortium claim can be based on a civil rights claim, the Court has examined a number of cases on this issue. The briefs submitted by the parties cite no decisions on the issue from the District of South Carolina or the Fourth Circuit Court of Appeals. A number of courts have not allowed such claims. See Brown v. Youth Serv. Int'l of Baltimore,

Inc., 904 F. Supp. 469 (D. Md. 1995); Quitmeyer v. Se. Pa. Transp. Auth., 740 F. Supp. 363 (E.D. Pa. 1990); Tauriac v. Polariod Corp., 716 F. Supp. 672 (D. Mass. 1989); Jenkins v. Carruth, 583 F. Supp. 613 (E.D. Tenn. 1982).  Some have allowed a loss of consortium claim to be based on an alleged civil rights violation.  See Pattee v. Ga. Ports Auth., 477 F. Supp. 2d 1272 (S.D. Ga. 2007); Kinzer v. Metro. Gov't of Nashville, 451 F. Supp. 2d 931 (M.D. Tenn. 2006); Sharpe v. Green Spring Dairy, 911 F. Supp. 172 (D. Md. 1994); Hayes v. Vessey, 578 F. Supp. 690 (E.D. Mich. 1984), rev'd on other grounds, 777 F.2d 1149 (6th Cir. 1985).  The Court notes that a majority of courts that permit a loss of consortium claim do so based on a civil rights claim where there is tortious conduct.  See Kinzer, 451 F. Supp. 2d at 946-47 (allowing loss of consortium claim where § 1983 action involved spouse who alleged police officer used excessive force); Hayes, 578 F. Supp. at 691, rev'd on other grounds, 777 F.2d 1149, 1151 (6th Cir. 1985) (allowing loss of consortium claim where § 1983 action involved a teacher at a prison school who was raped by an inmate); see also Pattee, 477 F. Supp. 2d at 1277 n.4 ("Furthermore, as defendants only challenge the federal nature of the primary claim from which the loss of consortium claim derives, the Court need not address whether the specific § 1983 claim alleged in this case is otherwise adequate to support a Georgia loss of consortium claim (e.g., because the tort does not involve physical injury to the plaintiff).").  In light of this case law, this Court declines to accept the Report's recommendation of dismissal of this claim, at this time.  If a motion for summary judgment is filed, and the parties choose to revisit this issue, further briefing on the question of whether a loss consortium claim can be brought in conjunction with a civil rights claim, and  when the statute of limitations begins to run on such a claim, may be submitted.  Therefore, for the reasons articulated by the Magistrate Judge

and the reasons set forth herein, the defendants' partial motion to dismiss (Doc. # 22) is **GRANTED**

in part and **DENIED** in part.

  **IT IS SO ORDERED**.

         \_\_\_s/Terry L. Wooten_____
         United States District Judge

September 30, 2011
Florence, South Carolina