IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Patrice D. Holmes and Edward L. Holmes, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> Marion School District One, Marion ) <br> School District One Board of Trustees, ) <br> Michael D. Lupo, William A. Jones, ) <br> Lynn McElveen, Renee Baxley, Paul ) <br> Demarco, James Smith, and Diane ) <br> Houston, all in their individual and ) <br> official capacities, ) <br> ) <br>     Defendants. ) <br> _____) | Civil Action No.: 4:10-cv-2221-RBH |

## ORDER

Before the Court is the plaintiffs' motion under Federal Rule of Civil Procedure 59(e) to alter or amend the Court's Order dated September 30, 2011 (Docket Entry # 41 and 52). The plaintiffs assert that the Court misconstrued their Fourth Cause of Action under 42 U.S.C. § 1981a.

The plaintiff asserts that the Fourth Cause of Action "cites 42 U.S.C. § 1981a and arises in conjunction with Plaintiffs' Seventh Cause of Action under 42 U.S.C. § 2000e-2(a)(1) and (2) of Title VII." (Docket Entry # 52). The defendants assert that Section 1981a "merely enhances the remedies available for intentional employment discrimination." (Docket Entry # 55). Defendants further assert that, even if Section 1981a was properly pled, the plaintiffs cannot recover punitive damages against political subdivisions or any damages at all against individual defendants in a Title VII action.

Section 1981a does not establish a substantive cause of action but rather enhances the remedies (i.e., the types of damages and the right to a jury trial) available in intentional employment

discrimination cases. **IT IS ORDERED** that to the extent the plaintiffs seek relief under 42 U.S.C. § 1981a in conjunction with their Seventh Cause of Action under Title VII, the Court alters its prior Order such that the plaintiffs may proceed with their allegation that they should be awarded such relief. However, as to the Title VII claim, punitive damages will not be recoverable against the school district[1] and the individual defendants will not be held liable individually.[2] The Order of Judge Wooten filed September 30, 2011 (Doc. # 41) otherwise remains in place as written.

    **IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

January 6, 2012  
Florence, South Carolina

---

[1] 42 U.S.C. Section 1981a(b)(1).

[2] Lissau v. So. Food Service, 159 F.3d 177 (4th Cir. 1998).